IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

BRENDA ODUZE, et al. §
§
    Plaintiffs, §
§
VS. § Case No. 4:12cv387
§
WYLIE ISD ADMINISTRATORS, §
COLE MCCLENDON, SHERRY BETTS, §
VANESSA STUART, JENNIFER CLOSS, §
H. JOHN FULLER, TARA SHORES, §
and WYLIE ISD BOARD OF TRUSTEES §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 10). As set forth below, the Court finds that the motion should be GRANTED in part.

### FACTUAL BACKGROUND

Plaintiff Brenda Oduze filed her Complaint against Defendants WYLIE ISD Administrators, Cole McClendon, Sherry Betts, Vanessa Stuart, Jennifer Closs, H. John Fuller, Tara Shores, and WYLIE ISD Board of Trustees in the District Court of Collin County Texas on January 23, 2012. Defendants were served in June 2012, and removed the case to this Court on June 25, 2012. Shortly thereafter, Defendants filed their motion to dismiss. On December 10, 2012, this case was assigned to the undersigned by consent of the parties.

1

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 682, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

## ANALYSIS

In analyzing Plaintiff's case under Rule 12(b)(6), this Court is tasked with determining whether any facts are alleged that are sufficient to support a claim. In this case, Plaintiff's live complaint, which is less than two pages in length, does not separately list the jurisdictional grounds or the specific causes of action she asserts but states in an introductory paragraph that she seeks to "recover damages for employment discrimination and sexual harassment in violation of Title VII of Civil Rights Act of 1964 as amended by the Cvil Rights Act of 1991." Dkt. 1-2 at 1. Plaintiff has named the following defendants: WYLIE ISD Administrators, Cole McClendon, Sherry Betts, Vanessa Stuart, Jennifer Closs, H. John Fuller, Tara Shores, and WYLIE ISD Board of Trustees. *See* Dkt. 1-2. Wylie Independent School District, Plaintiff's employer, is not a named Defendant in this suit.

The Court has reviewed the record before it and finds that Plaintiff's complaint fails to state any facts that would show how any of the Defendants qualify as employers under Title VII. *See, e.g., Vance v. Union Planters Corp.*, 279 F.3d 295, 299 (5th Cir. 2002); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001). "[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 (5th Cir. 2003) (citing 42 U.S.C. § 2000e(b)'s definition of "employer"); *Johnson v. TCB Constr. Co., Inc.*, 334 Fed. Appx. 666, 669 (5th Cir. 2009) (quoting *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994) ("[o]nly employers, not individuals acting in their individual capacity who do not otherwise meet the definition of employers, can be liable under Title VII." ). Plaintiff can only

assert Title VII claims against her employer and must state facts accordingly.

Plaintiff has not stated whether she is suing any of the Defendants in their individual or official capacities. Upon the referral of this suit to the undersigned, the Court issued an Order an Advisory allowing Plaintiff to amend her complaint to comply with federal pleading standards. *See* Dkt. 11. Plaintiff did not do so. When Defendants filed their motion to dismiss identifying the deficiencies in her complaint, Plaintiff did not amend her complaint, nor did she file a response in opposition until the Court directed her to do so – several months after the response was originally due. *See* Dkt. 14. While the response ultimately filed by Plaintiff expounds on her factual allegations slightly, it does not sufficiently state facts as to how the named Defendants should be held liable, and the Court declines to presume the capacity in which any of the Defendants have been sued.

Moreover, Plaintiff has not stated any facts that would show an exhaustion of administrative remedies as to any of the named Defendants. In the EEOC "Charge of Discrimination" attached to Plaintiff's Complaint, the named employer is "WYLIE INDEPENDENT SCHOOL DISTRICT." *See* Dkt. 1-2 at 3.

"Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.").

"This requirement serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S. Ct. 1011, 39 L. Ed.2d 147 (1974) and *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). In this case, Plaintiff has not stated facts that would show how the EEOC's issuance of a right to sue letter for Wylie Independent School District would permit any claims against any of the Defendants she has named. Her Complaint is simply insufficient as to the named Defendants.

Given the paucity of Plaintiff's allegations herein and the Fifth Circuit's clear mandates regarding employer liability under Title VII and the exhaustion of administrative remedies, the Court finds that Plaintiff has failed to state a claim against any of the named Defendants. Because Plaintiff is *pro se* and afforded some leniency in this regard, however, she is granted leave to file an amended complaint naming the proper Defendant (or Defendants) herein within 30 days of the date of this Order. Plaintiff is also cautioned that any amended complaint shall comply with the pleadings requirements set forth in Federal Rule of Civil Procedure

For the reasons set forth herein, Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 10) is GRANTED in part and Plaintiff's claims against Defendants WYLIE ISD Administrators,

Cole McClendon, Sherry Betts, Vanessa Stuart, Jennifer Closs, H. John Fuller, Tara Shores, and WYLIE ISD Board of Trustees are dismissed with prejudice. Within 30 days, Plaintiff may file an amended complaint naming the proper Defendant herein. Otherwise, a final order of dismissal will be entered.

**SO ORDERED.**

**SIGNED this 8th day of March, 2013.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE